UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON J. HOUSTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 153 RWS |
| | ) |
| ANNE L. PRECYTHE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Plaintiff Damon Houston seeks a writ of habeas corpus, under 28 U.S.C. § 2254. I referred this petition to United States Magistrate Judge Noelle Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge recommended that I deny Houston's petition. According to the Magistrate judge, seven of Houston's ten grounds are procedurally defaulted (ECF No. 24 at 5-13), one of Houston's grounds is not cognizable in a federal habeas corpus action (Id. at 14-15), and two of his grounds do not meet the § 2254 standard on the merits. (Id. at 15-24). Houston objects to the Magistrate Judge's report and recommendations. Houston's objections and underlying arguments do not demonstrate that the state post-conviction court adjudicated claims contrary to federal law or made an unreasonable determination of facts. As a result, I will deny his petition for a writ of habeas corpus.

# BACKGROUND

On September 12, 2011, Houston was convicted of one count of forcible rape, one count of attempted forcible sodomy, and one count of victim tampering in the Circuit Court of the City of St. Louis. (ECF Nos. 23-1, 16-1). Houston was sentenced to concurrent sentences of life without the possibility of parole for the forcible rape and attempted forcible sodomy. He was also sentenced to three years for witness tampering. The Missouri Court of Appeals affirmed Houston's conviction and sentence on direct appeal. (ECF No. 13-3); State v. Houston, 386 S.W.3d 888 (Mo. Ct. App. 2012). On February 22, 2013, Houston filed a motion to vacate, set aside or correct the judgment or sentence under Missouri Supreme Court Rule 29.15. The post-conviction relief court denied Houston's motion, and the Missouri Court of Appeals affirmed that denial. (ECF Nos. 16-2, 13-6); Houston v. State, 469 S.W.3d 503 (Mo. Ct. Ap. 2015).

On February 4, 2016, Houston filed his petition in this matter under 28 U.S.C. § 2254. Houston raises the following ten grounds for relief:

(1) Trial counsel was ineffective for failing to investigate and present evidence of consensual sex between Houston and the victim six months prior to the crimes in question, (Doc. 1 at 16);
(2) The motion court erred in refusing to review the additional claims Houston raised in his pro se Rule 29.15 Motion because they were allegedly illegible, (id. at 21);[1]

---

[1] Instead, the motion court reviewed claims raised in Houston's amended rule 29.15 motion, filed with the assistance of counsel.

(3) The trial court failed to direct a verdict at the close of all of the evidence despite the State's failure to prove Houston took a substantial step toward completing the crime of attempted forcible sodomy, (id. at 23);
(4) Direct appeal counsel failed to adequately use the "Destructive Contradiction Doctrine" to challenge the victim's testimony, (id. at 25);
(5) Trial counsel failed to subpoena police Officer Scott A. Wilmont as a key witness to provide impeachment evidence against the victim, (id. at 26);
(6) Trial counsel failed to properly lay a foundation to impeach a key state witness, (id. at 28);
(7) Trial counsel failed to object to an exhibit that was not produced before trial, showing the location of the crime relative to a White Castle, (id. at 29);
(8) Direct appeal counsel failed to raise "under Plain Error review" the State's failure to produce the White Castle exhibit, (id. at 31);
(9) Trial counsel failed to make a timely and proper objection to the State's motion in limine preventing testimony that the victim had previous sexual encounters with Houston, (id. at 33);
(10) Direct appeal counsel failed to raise "under Plain Error" the Motion in limine discussed in Ground 9, (id. at 36).

Upon my referral, the Magistrate Judge recommended that I deny grounds 4 through 10 because they were not presented in state court and were procedurally defaulted. Additionally, the Magistrate Judge conducted an analysis under Martinez v. Ryan for grounds 5, 6, 7, and 9 and determined they were not "substantial" ineffective assistance of counsel claims that had some merit. The Magistrate Judge concluded that ground 2 was not cognizable as a federal habeas corpus action because "the Constitution does not guarantee the existence of state post-conviction proceedings, [and therefore] an infirmity in a state post-conviction proceeding does not raise a constitutional issue." Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007).

The Magistrate Judge denied grounds 1 and 3 on the merits. For ground 1, the Magistrate Judge concluded that the evidence that Houston wished to introduce would not have been admissible under Missouri's rape shield statute, § 491.015.1 R.S.Mo. For ground 3, the Magistrate Judge concluded that the state appellate court's decision that "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979), warranted deference. Finally, the Magistrate Judge recommended that I deny Houston's request for an evidentiary hearing because he failed to allege facts sufficient to justify habeas relief.

## **LEGAL STANDARD**

I must conduct a de novo review of the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b). To prevail under § 2254, Houston must show that he has exhausted his state court remedies or that no effective process exists in state courts for protecting his rights. 28 U.S.C. § 2254(b). To prevail on the merits, Houston must show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail on an ineffective assistance of counsel claim, Houston must

4

show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Finally, if Houston has procedurally defaulted an ineffective assistance of trial counsel claim because of post-conviction counsel's failure to raise it, his underlying claim may be reviewed under Martinez v. Ryan, 566 U.S. 1 (2012). To satisfy this exception, the underlying ineffective assistance of counsel claim must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 17.

## ANALYSIS

Houston raised eight objections to the Magistrate Judge's report and recommendations. (ECF no. 27). Two of Houston's objections pertain to ground 1, two pertain to ground 5, two pertain to ground 7, and two pertain to ground 9. Houston does not object to the Magistrate Judge's recommendations concerning grounds 2, 3, 4, 6, 8, and 10. I have independently reviewed the Magistrate Judge's recommendations concerning these grounds for relief. I agree with the Magistrate Judge that grounds 4, 6, 8, and 10 have been procedurally defaulted. I agree with the Magistrate Judge that ground 2 is not cognizable in a federal habeas corpus

action. I also agree with the Magistrate Judge that ground 3 should be denied on the merits. The state appellate court's decision that "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979), warrants deference concerning ground 3. As a result, I will deny grounds 2, 3, 4, 6, 8, and 10. I review Houston's remaining grounds for relief below.

**A. Ground 1**

For ground 1, Houston argues that trial counsel was ineffective for failing to investigate his case. According to Houston, if trial counsel had effectively investigated his case, he would have presented evidence of consensual sex "within six months" of the crimes in question. (ECF No. 1 at 18). The prosecutor filed a motion in limine to exclude evidence of past sexual conduct under Missouri's rape shield statute, § 491.015.1 R.S.Mo. A record does not exist of whether the motion was granted, but trial counsel did not ask questions concerning past sexual conduct, and it appears the trial court granted it. (ECF No. 13-6 at 5). The post-conviction appellate court found that it was proper to grant the motion in limine, and that trial counsel was not ineffective for failing to admit this evidence. (Id. at 5-6). The Magistrate Judge similarly determined that the evidence in question would not have been admissible under the rape shield law, and trial counsel's

6

conduct did not fall below an objectively reasonable standard. Strickland v., 466 U.S. 668, 687-88.

In his objection to the Magistrate Judge's recommendations on Ground 1, Houston argues that 1) the consent was his main defense, such that he met an exception to the rape shield statute and 2) the statute violated the Confrontation Clause of the Sixth Amendment. The post-conviction appellate court and Magistrate Judge both considered how Houston's consent argument affected application of the rape shield statute. The statute provides that "the complaining witness' prior sexual conduct" is inadmissible except where "consent is a defense to the alleged crime and the evidence is reasonably contemporaneous with the date of the alleged crime." § 491.015.1 R.S.Mo. The post-conviction appellate court appropriately determined that consensual sex that occurs six months before the crimes in question is not "reasonably contemporaneous" for purposes of this statute. (ECF No. 13-6 at 5-6). This conclusion is not an unreasonable determination of the facts or an unreasonable application of clearly established federal law.

Additionally, Houston does not establish that the application of Missouri's rape shield law in this case is contrary to the Confrontation Clause. The Sixth Amendment right to cross-examining witnesses is limited by "other legitimate interests in the criminal trial process" such as preventing "harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." United States v. Pumpkin Seed, 572 F.3d 552, 560 (8th Cir. 2009). As long as these limitations are not "arbitrary or disproportionate to the purposes they are designed to serve," they are constitutionally permissible. Id. (quoting United States v. Bordeaux, 400 F.3d 548, 558 (8th Cir.2005)). The post-conviction appellate court considered the applicability of the rape shield statute at length and determined that it was appropriate to the circumstances of this case. (ECF No. 13-6 at 5-7). For that reason, the post-conviction appellate court concluded that trial counsel's actions did not fall below an objectively reasonable standard.

This conclusion is not an unreasonable determination of the facts or an unreasonable application of clearly established federal law. As a result, I must deny this ground for relief.

**B. Ground 5**

For ground 5, Houston argues that his trial counsel was ineffective for failing to subpoena police Officer Scott A. Wilmont as a witness to provide impeachment evidence against the victim. Houston argues that, if called to testify, Officer Wilmont would have contradicted the victim's statements about the crime scene. The Magistrate Judge determined that trial counsel's decision not to subpoena Officer Wilmont was a matter of trial strategy, and that, therefore, trial

counsel's conduct did not fall below an objective standard of reasonableness. (ECF No. 24 at 9). "Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight." Williams v. Armontrout, 912 F.2d 924, 934 (8th Cir. 1990).

Houston objects to the Magistrate Judge's recommendation on the grounds that his counsel not only failed to call Officer Wilmont, but also failed to interview Officer Wilmont. (ECF No. 27 at 3). "The decision to interview a potential witness is not a decision related to trial strategy. Rather, it is a decision related to adequate preparation for trial." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990). The "failure to interview" theory was not contained in Houston's petition. Even if trial counsel failed to interview Wilmont, Houston has not provided sufficient allegations to conclude that the failure was below an objective standard of reasonableness or prejudicial to Houston. Instead Houston has provided only a vague argument that Wilmont would contradict the victim's statement that underwear or other evidence was "put away and left behind by [the victim]." (ECF no. 1 at 26). As a result, Wilmont does not have a substantial ineffective assistance of counsel claim concerning ground 5, and this claim is procedurally defaulted.

**C. Ground 7**

For ground 7, Houston argues that his trial counsel was ineffective for failing to object to the prosecutor's introduction of a certain map as evidence. The

9

map showed the apartment where the crimes occurred in relation to a White Castle, for which a third person at the apartment left, leaving the victim and Houston alone for thirty minutes or more. Houston argues that "petitioner's [sic] never receive[d]" the exhibit, and that the White Castle is much closer than the exhibit purported to show. (ECF No. 27 at 2). Houston does not argue that his counsel never received the exhibit.

The Magistrate Judge concluded that trial counsel's failure to object to the map was not "below an objective standard of reasonableness" nor "prejudicial" to Houston. Strickland, 466 U.S. 668, 687-88. Houston has presented no evidence to support his allegation that "the drive to White Castle is 2 minutes." As a result, he cannot demonstrate that entering the exhibit into evidence was prejudicial to him. His claim of ineffective assistance of counsel is not substantial. Accordingly, Houston's ground 7 is procedurally defaulted.

**D. Ground 9**

For ground 9, Damon Houston argues that his trial counsel failed to object to the prosecutor's motion in limine concerning past sexual conduct. This ground is very similar to ground 1, except that Houston did not fairly present this claim before the state motion court. As a result, I must determine whether ground 9 presents a substantial ineffective assistance of counsel claim. For ground 1, I concluded that the motion court appropriately determined that § 491.015.1 R.S.Mo

applied in this case. Houston does not have a strong argument that § 491.015.1 should not have applied. I conclude that, in failing to object to the prosecutor's motion in limine, trial counsel's conduct did not fall below an objective standard of reasonableness nor prejudice Houston. As a result, ground 9 does not present a substantial ineffective assistance of counsel claim and this ground is procedurally defaulted.

## CONCLUSION

Based on my de novo review, I conclude that Houston's grounds 4 through 10 are procedurally defaulted, ground 2 is not cognizable in a federal habeas corpus action, and grounds 1 and 3 do not demonstrate that the post-conviction court adjudicated claims contrary to federal law or made an unreasonable determination of facts.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Damon Houston's petition for writ of habeas corpus, [No. 1], is **DENIED**. An appropriate judgment will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019.